IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mr. Thomas H. McCool
20 Lemmon Street
Attica, OH 44807
-and-
Mrs. Connie McCool       **Case No.**
20 Lemmon Street
Attica, OH 44807

  PLAINTIFFS       Judge:

  vs

**Norfolk Southern Railway Corporation**

SERVE:
CT Corporation, Statutory Agent
1300 E. Ninth Street       **Complaint**
Cleveland, Ohio 44114
               **Jury Demand Endorsed Hereon**
  -and-

John Does 1-20, names and address
unknown without the Court's discovery

  DEFENDANTS

NOW COMES the Plaintiffs, Thomas McCool and Connie McCool by and through their attorney, Donald Harris Law Firm and for count I of their cause of action against Norfolk Southern Railroad Corporation states:

### Jurisdiction Statement

1. Plaintiffs are residents of Attica Ohio.

2. Defendant Norfolk Southern Railroad Corporation, is a corporation duly organized and existing according to law and duly authorized to engage in, and was engaged in, business as a common carrier by railroad which comprises the United States District Court of the Northern District of Ohio.

3. Plaintiff Thomas McCool is employed by Defendant in interstate commerce and , therefore is entitled to bring his cause of action set forth below under a federal statute known as the Federal Employers Liability Act, 45 U.S.C § 51 et seq.

4. This District Court has original jurisdiction for this action pursuant to 28 U.S.C. § 1331, a federal question arising under the laws of the United States of America.

**5.** Venue of this action is proper in the United States District Court for the Northern District of Ohio pursuant to the terms of the Federal Employers Liability Act, 45 U.S.C. § 51 et seq.

6. This cause of action is brought under and by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C.§§ 51, et seq. and Locomotive Inspection Act, § 20701, Title 49, U.S. Code; Common Law, the Commerce Clause, Art. III, § 2, there is a federal question and the amount in controversy exceeds $75,000.00.

## FEDERAL EMPLOYER'S LIABILITY ACT

7.      That at all times hereinafter mentioned, Plaintiff was employed by the Defendant Norfolk Southern Railroad Corporation, in interstate commerce as a railroad worker.

8.      That on or about April 15th, 2009 while employed as a railroad worker for the Defendant, plaintiff was seriously injured while working in the locomotive maintenance building. The injury was caused by the application of a locomotive horn that was secured in a manner that were negligent and reckless.

## Count I

9. Plaintiffs Mr. and Mrs. Thomas McCool, husband and wife, by and through the undersigned counsel, states that Defendant Norfolk Southern Railway Corporation [NSRC], a corporation, their agents or assigns, including but not limited to John Does 1-20, individually and or collectively did as follows in this complaint. That Thomas McCool is and was an employee of Defendant NSRC and that this complaint emanates from him being injured in his workplace in Bellevue, Ohio.

10.     That the true names or capacities, whether individual, corporate, associate or otherwise of Defendants named herein as John Does 1-20, inclusive are unknown to Plaintiffs without the court's discovery. All Defendants will collectively be stated in the complaint as NSRC.

11. That each Defendant in and within NSRC owed a duty of due care to the Plaintiffs, that NSRC breached that duty of care and by virtue of the breach the Plaintiffs were damaged as stated herein. That at all times herein mentioned Defendant NSRC was and is a corporation duly organized and existing corporation doing business in the State of Ohio, Cuyahoga County and other parts of the United States of America and is engaged in the business of a common carrier by railroad and interstate commerce in the State of Ohio and the United States of America.

12. That, in addition to negligence *per se*, the actions of NSRC was reckless, done with wanton care and heedless indifference to the rights of the Plaintiffs.

13. That at all times herein mentioned, Defendant NSRC was a common carrier railroad engaged in interstate commerce and Plaintiff McCool was employed by Defendant in such interstate commerce and the injuries complained of arose while Plaintiff was performing duties in the furtherance of, or affecting, interstate commerce in the United States of America and the State of Ohio.

14. That this action is being brought under, and by virtue of, the provisions of the Federal Employers' Liability Act 45 U.S.C. §§ 51 et. seq. and Locomotive Inspection Act, § 20701, Title 49, U.S. Code.

15. That Plaintiff is and was employed by Defendant, NSRC, a corporation, as a repair mechanic working on and around Defendant's freight trains, cabooses and engines at Defendant's facility in Bellevue, Ohio at the time of injuries to his body and mind.

16. That on April 15, 2009, while acting in the course of his employment, Plaintiff Thomas McCool was engaged as a locomotive repairman; that Defendant NSRC owed to Plaintiff the duty of exercising ordinary care to provided Plaintiff with a reasonably safe place in which to work, with reasonably safe tools and equipment with which to work and perform such work and to institute and oversee reasonably safe procedures and methods for performance of said work; that Defendants NSRC, through its agents, servants, and employees, other than Plaintiff, carelessly and negligently failed in its aforesaid duties in that, inter alia, Defendant caused Plaintiff to be exposed to an unexpected and exceptionally loud locomotive or other loud horn blast while he was working at or near Defendant's facility and as a result of said carelessness and negligence, Plaintiff caused injuries as set forth more particularly hereinafter.

17. That by reasons of said acts and facts hereinabove set forth, and as a direct and proximate result thereof, Plaintiff McCool was rendered sick, sore, lame, disabled, disordered and disoriented, both internally and externally, and receiving the following injuries to wit: permanent, partial hearing loss, ringing of the ears and Plaintiff will suffer and will continue to suffer permanent injury and physical, emotional and mental pain, anxiety, nervousness, hedonistic damages and interference with his usual and normal activities.

18. Plaintiff's damages are due in whole or in part as a result of the negligent acts or omissions of the Defendant in one or more of the following particulars:

    a. Failed to provide Plaintiff with a reasonably safe place to work: or

    b. Failed to provide reasonably safe conditions for work; or

    c. Failed to provide safe methods of work; or

    d. Failed to provide reasonably safe methods to disarm the horns while inside the maintenance building: or

    e. Failed to properly inspect the horn safety device; or

    f. Failed to follow NFS standards concerning the proper securing of the safety device to prevent ear damage; or

    g. Failed to provide reasonably safe locomotives signaling that did not subject the plaintiff to excessive noise and vibration.

19. That by reason thereof Plaintiff and as a direct and proximate cause of Defendants' negligence Plaintiff has incurred and will incur medical expenses, loss of income and other damages that are not ascertainable now and will be later supplemented.

20. That Mrs. McCool has a loss of consortium proximately caused by the Defendants' negligence.

**AND WHEREFORE**, Plaintiffs demands judgment against the Defendants jointly and severally in an amount in excess of $75,000.00 costs and attorney fees.

## COUNT II

**NOW COMES the Plaintiffs,** by and through their attorney, Donald Harris Law Firm and for count II of their action against NSRC state;

21. Plaintiff re-alleges, restates and incorporates herein by reference as though fully set forth herein the allegations of paragraphs 1 through 20 of Count I of Plaintiffs' Complaint.

22. That pursuant to the Locomotive Inspection Act, 49 U.S. C. § 20701 et seq. defendant NSRC owed a duty to the Plaintiffs and Defendant breached its duty of care and was negligent in one or more of the following particulars:

    a. Defendant permitted the use of locomotives that did not have an adequate means of securing the horns during inside repairs in violation of 49 C.F. R §229.7(a)(1) and (2),

    b. Defendant permitted the use of locomotives which were not in proper condition and safe to operate in service to which it was put, in violation of 49 C.F.R. §229.7(a)(1).

    c. Defendant permitted the use of locomotives that had not been adequately and/ or properly inspected, in violation of 49 C.F.R. §229.23;

    d. Defendant permitted the use of a locomotive that was not free of conditions that endanger the safety of the crew, including the plaintiff, and in violation of 49 CFR section 229.56;

    e. Defendant failed to adapt, implement, install, enforce and/or carry out safe customs , and methods, procedures and practices for inspecting and/or maintaining its locomotives;

    f. Defendant failed to provide adequate means of securing the horn switch in its locomotive cabs while they were inside the maintenance bays;

    g. Defendant required plaintiff operate locomotives that were defective pursuant to the regulations, promulgated with respect to the locomotive inspection act, supra.

23. That the plaintiffs injuries were due, in whole or in part, to one or more of Defendant NSRC's aforementioned negligent acts or omissions, as well as other acts of negligence, in violation of the Locomotive Inspection Act, 49 U.S.C. § 20701 et seq.

24. That as a result of one or more of the defendants aforementioned negligent acts or omissions, in whole or in part, plaintiff suffered and will continue to suffer injuries and/ or aggravation, acceleration and/ or exacerbation of the deterioration of the hearing, resulting in plaintiff suffering great bodily, mental, psychological and emotional pain, as well as loss of enjoyment of life, and plaintiff will continue to suffer such pain, mental anguish and anxiety in the future.

25. That as a result of one or more of the defendants aforementioned negligent acts or omissions, in whole or in part, plaintiff has sought and received Medical Care and treatment and will continue to receive such additional medical care and treatment in the future; that he has expenses or his Medical Care and treatment will continue to incur such additional expenses in the future; and that he has sustained a loss of life enjoyment and will continue to sustain a loss of enjoyment into the future all due to the damage.

26. As a direct and proximate result of the negligence of the defendant NSRC set forth above, plaintiff was caused injury. Specifically, plaintiff has suffered an

injury to his inner ear, and has been informed that additional medical treatment will not return his hearing to its full capacity.

Wherefore, plaintiff prays for trial by jury and judgment against Defendant a sum that is fair and reasonable, in excess of $75,000, together with their costs expended herein.

Plaintiff, Thomas McCool and Connie McCool, for their cause of action against Defendant NSRC, hereby request trial by jury.

Respectfully Submitted

/s/Donald R. Harris
Donald R. Harris
Attorney for Plaintiffs
DC Bar #485340
Donald Harris Law Firm
158 E. Market Street Ste 302
Sandusky, OH 44870
Tel: 419-621-9388
Fax: 419-239-2313
E-mail: don@donaldharrislawfirm.com

## **JURY DEMAND**

Plaintiff Thomas McCool, hereby demands trial by jury.

Respectfully Submitted

/s/Donald R. Harris
Donald R. Harris
Attorney for Plaintiffs
DC Bar #485340
Donald Harris Law Firm
158 E. Market Street Ste 302
Sandusky, OH 44870
Tel: 419-621-9388
Fax: 419-239-2313
E-mail: don@donaldharrislawfirm.com