# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS H. MCCOOL, et al., | ) | CASE NO: 3:11CV678 |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | DEFENDANT NORFOLK |
| | ) | SOUTHERN RAILWAY |
| NORFOLK SOUTHERN RAILWAY | ) | COMPANY'S MOTION FOR |
| CORPORATION, et al., | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Norfolk Southern Railway Company (incorrectly sued as "Norfolk Southern Railway Corporation") moves this court for summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure on the basis that there is no genuine dispute as to any material fact and Norfolk Southern is entitled to judgment in its favor as a matter of law.

A memorandum in support of this motion is attached and incorporated by reference.

                                                          Respectfully submitted,

                                                          s/ Sheila A. McKeon
                                                          **SHEILA A. MCKEON (0012067)**
                                                          smckeon@gallaghersharp.com
                                                          **ADAM P. SADOWSKI (0085246)**
                                                          asadowski@gallaghersharp.com
                                                          GALLAGHER SHARP
                                                          420 Madison Avenue, Suite 1250
                                                         Toledo, Ohio 43604
                                                         Tel: (419) 241-4860
                                                        Fax: (419) 241-4866

                                                         **Attorneys for Defendant**
                                                        **Norfolk Southern Railway Company**

# MEMORANDUM

## I. STATEMENT OF FACTS

This lawsuit is brought by plaintiff Thomas McCool ("McCool") seeking to recover for personal injuries sustained on April 15, 2009 while in the course and scope of his employment for defendant Norfolk Southern Railway Company ("Norfolk Southern").[1] Specifically, McCool alleges that he suffered a hearing loss and tinnitus as the result of an accidental horn blast from a locomotive while working at Norfolk Southern's diesel shop in Bellevue, Ohio.

McCool was, and still is, employed by Norfolk Southern as a machinist at the Bellevue diesel shop. (Exhibit A, Deposition of Thomas McCool, p. 16).[2] On April 15, 2009, he was one of the employees servicing a locomotive located in the washrack at the shop. McCool's task that night was to take oil samples from the engine. (Ex. A., p.23 ).

The washrack is comprised of a track on which the locomotive was brought into the building with catwalks on either side to facilitate servicing the engines. (Ex. A., pp. 25-26). McCool was standing on the catwalk outside the engine and was waiting for antoher employee to run the engine so he could take the samples. Whiel he was waiting, there was an accidental blast of the horn. (Ex. A., pp. 28-29). McCool was wearing his compnay issued hearing protection at the time. (Ex. A., pp. 19-20).

Norfolk Southern requires that a "horn block" be placed on the mechanism that operates the horn, while the engines are inside the buidling being serviced. The horn block used on this particular engine consisted of a piece of PVC pipe with a set screw (Ex. A., p. 30). Although he

---

[1] The complaint originally named plaintiff's wife Connie McCool as a party plaintiff. Mrs. McCool's claim for loss of consortium was dismissed by concurrence of the parties. See order dated September 23, 2011, Doc. No. 19.

[2] The referenced deposition pages are attached. A complete copy of the deposition is being filed simultaneously with this motion.

2

did not place the horn block, McCool noticed that it was in place when he was in the engine cab prior to the incident. (Ex. A., p. 34). According to McCool, another employee accidentally struck the horn block with his laptop computer, causing the horn to sound. (Ex. A., p. 38). Defendant does not dispute that the horn is not to be sounded while the engine is in the wash rack. As a result of this incident, McCool alleges that he suffered a hearing loss and tinnitus although he did not lose any time from work as a result.

Norfolk Southern hired Mike Fann to conduct sound level testing in a recreation of the horn blast that occurred on April 15, 2009. The results of that testing established that McCool was not exposed to a deleterious level of noise at the time of the incident and that his brief exposure to the horn blast was within permissible guidelines for noise exposure. (See Ex. B., Fann affidavit).

Plaintiff filed this lawsuit asserting two causes of action. McCool pleads Norfolk Southern's negligence under the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq.* ("FELA") and alleges strict liability against Norfolk Southern pursuant to the Locomotive Inspection Act, 49 U.S.C. §20701 ("LIA"). Further, plaintiff alleges that Norfolk Southern violated various provisions of the Code of Federal Regulations relative to locomotive safety.

Based upon the applicable law and the evidence in this case, Norfolk Southern is entitled to judgment in its favor as a matter of law because McCool cannot prove the elements of a claim under either the FELA or LIA.

## II. **LAW AND ARGUMENT**

A. **Summary Judgment Standard.**

A party is entitled to summary judgment when, viewing the evidence and inferences arising therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The moving party bears the burden of producing evidence that negates an essential element of the

opposing party's claim or defense and the ultimate burden of persuading the court that no genuine issue of material fact exists. *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 171 F.3d 1065, 1068 (6th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)).

In this case, when viewing the evidence and inferences arising therefrom in the light most favorable to plaintiff, plaintiff fails to prove the elements of his claims. His FELA claims fails because he cannot prove a breach of any duty owed to him. Also, the LIA and the safety regulations cited by plaintiff do not apply because plaintiff cannot establish that the locomotive was defective in any way or that it was "in use" in service for defendant at the time of the incident. Therefore, defendant is entitled to summary judgment on all of plaintiff's claims.

**B.     Summary Judgment Should be Granted Because Plaintiff Cannot Establish the Elements of an FELA Cause of Action**

To the extent the complaint alleges that McCool was injured while in the course and scope of his employment for defendant, his exclusive remedy is pursuant to the FELA to the exclusion of state common and statutory law. *Erie Railroad Co. v. Winfield,* 244 U.S. 170 (1917). In deciding a claim brought under the FELA, any matter of substantive law is governed by federal law. *Norfolk & Western Railway Co. v. Liepelt,* 444 U.S. 490 (1980). The FELA makes a railroad liable to its employees if injury or death results from the negligence of the railroad. Specifically, §51 provides:

> "Every common carrier by railroad while engaging in commerce... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce... for such injury...resulting in whole or in part from the negligence of any of the officers, agent, or employees of such carrier..."

To establish a *prima facie* case under the FELA, a plaintiff must show: (1) he was injured while in the scope of his employment, (2) which employment is in furtherance of the railroad's interstate transportation, (3) the railroad was negligent, and (4) the railroad's negligence in some way caused the injury for which damages are sought. *Stierwalt v. CSX Transportation, Inc.,*

(N.D. Ohio 2007), 2007 U.S. LEXIS 77374, citing *Green v. River Terminal Railway Co.*, 763 F.2d 805, 808 (6th Cir. 1985).

A railroad's duty under the FELA is to use reasonable care in providing its workers with a reasonably safe work place and in ensuring that the tools and equipment used by its employees are reasonably suitable and safe for the purpose for which they are intended to be used. *Atlantic Coast Line Railroad Co. v. Dixon,* 189 F.2d 525, 526 (5th Cir. 1951), *cert. denied,* 342 U.S. 830 (1951); see, *Shenker v. Baltimore & Ohio R.R. Co.*, 374 U.S. 1, 7 (1963); *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500 (1957). This duty does not require that the railroad furnish its employees with the latest, best or most perfect appliances with which to work, nor to discard standard appliances already in use upon the discovery of later improvements, provided those in use are reasonably safe. *Dixon*, 189 F.2d at 526 (citations omitted); see *Missouri Pacific R. Co. v. Aebv*, 275 U.S. 426 (1928); *Seaboard Air Line R. Co. v. Horton*, 233 U.S. 492 (1914); *Hough v. Texas & P.R. Co.*, 100 U.S. 213 (1900).

The FELA is neither a no-fault insurance policy nor a workers' compensation law and does not make the railroad the guarantor or insurer of its employees' safety or the places in which they work. *Ellis v. Union Pac. R.R.*, 329 U.S. 649, 653 (1947). The basis of liability is negligence, not that an injury occurred. *Ellis*, 329 U.S. at 653. In contrast to the requirements of no-fault insurance or workers' compensation law, proof by a preponderance of the evidence of the defendant's negligence is a pre-requisite to any recovery under the FELA. *Tennant v. Peoria and Pekin Union Railway Co.,* 321 U.S. 29 (1944). A railroad cannot be found negligent for failing to guard against a mere possibility of injury, illness or disease. *Moody v. Maine Central Railroad Co.,* 823 F.2d 693 (1st Cir. 1987).

Norfolk Southern maintains that McCool cannot produce the evidence of a breach of a duty or of causation necessary to support a negligence action pursuant to the FELA. The employee's own subjective assertions of negligence, without proof of specific facts, are not sufficient to support a

5

rational inference of negligence. *Hurley v. Patapsco and Back Rivers Railroad Company*, 888 F.2d 327, 329 (4th Cir. 1989); *Atlantic Coastline Railroad Company v. Craven*, 185 F.2d 176, 180 (4th Cir. 1950), *cert. denied*, 340 U.S. 952 (1951).

In this case, McCool has failed to meet this burden, because the record lacks affirmative evidence of defendant's alleged negligence. Specifically, he has presented absolutely *no* evidence of defendant's purported breach of a duty or causation. He is, therefore, unable to set forth a *prima facie* case under the FELA. There is no evidence in this case that plaintiff was exposed to any defective equipment or unsafe condition.

### 1. Plaintiff's FELA Claim Fails Due to a Lack of Expert Testimony on the Issue of the Standard of Care.

The plaintiff "must put on expert testimony to establish the applicable standard of care if the subject dealt with is so distinctly related to some science, profession, or occupation as to be beyond the ken of the average layperson." *Nat'l R.R. Passenger Corp. v. McDavitt*, 804 A.2d 275, 285 (D.C. 2002); *see also Jones v. Nat'l R.R. Passenger Corp.*, 942 A.2d 1103 (D.C. 2008). The body of law interpreting the FELA has consistently held that expert testimony is required to establish that a railroad was negligent and breached its duty to its employee. Expert testimony is necessary unless the connection is a kind that would be obvious to layman. *Simpson v. Northeast Illinois Regional Commuter R.R. Corp.*, 957 F. Supp. 136, 138 (N.D. Ill. 1997); *see also Guerrieri v. METRA*, 2007 WL 3223337 (N.D. Ill. 2007) (the causal relationship between performing yard cuts, walking on ballast, or doing other repairs on railcars and Plaintiff's hip injury is not obvious to layman and without expert testimony, Plaintiff cannot establish that his hip condition was caused by his job duties at AMTRAK and METRA or that defendants breached a standard of care.).

In *Van Gorder v. Grand Trunk W. R.R., Inc.*, 2006 U.S. Dist. LEXIS 70181 at 19-20 (E.D. Mich. 2006) (attached as Ex. C), the district court granted the defendant railroad's motion for summary judgment that the plaintiff failed to adduce sufficient evidence that the defendant railroad

violated the proper standard of care. *Id.* Specifically, the district court stated that the plaintiff's theory of negligence, that the defendant railroad failed to pre-inspect a railcar, required expert testimony to establish the ordinary care the defendant railroad should have followed. *Id.* While the plaintiff provided an affidavit from an expert, the court stated that the affidavit fails to set forth any industry standard that the defendant railroad violated. *Id.* In sum, the district court entered summary judgment because the plaintiff failed to adduce evidence that the defendant railroad violated a standard of care owed to the plaintiff.

Plaintiff cannot rely on his own testimony to show a breach of the standard of care. *See, generally, Kirk v. National Railroad Passenger Corp.,* 2007 U.S. Dist. LEXIS 45699 (N.D. Ill. 2007), (attached as Ex. D), (holding that litigant could not provide sufficient evidence to make out an occupational case involving walking conditions). In *Gonet v. Chicago and Northwestern Transportation Co.*, 552 N.E.2d 1224 (1990), the plaintiff brought suit against the defendant under the FELA, alleging that he suffered severe and irreversible hearing loss due to defendant's negligence. *Id*. At trial, the court heard the testimony of the plaintiff, his wife, and his physician, all called to testify as to plaintiff's hearing loss. Plaintiff failed, however, to produce any evidence of noise levels in the areas where he worked. Plaintiff further failed to offer noise level surveys "in support of his conclusory statement that the shop was noisy." *Id*. at 1233. In affirming the lower court's decision that the railroad was not liable for plaintiff's hearing loss, the appellate court noted that "the only testimony that the shop had high noise levels was from the Plaintiff," and that no further proofs were offered to support any duty on the part of the railroad. The court thus affirmed the conclusion that the evidence did not establish that the noise was at a dangerous level, or that the plaintiff's hearing loss was caused by the noise of defendant's work place. *Id*.

The court in *Turner v. Norfolk and W. Rwy Co.*, 785 S.W. 2d 569 (1990) reached a decision similar to *Gonet*. In *Turner*, the Plaintiff filed an action for damages against the railroad under the FELA to seek recovery for work-related hearing loss. Plaintiff in *Turner* failed, however, to produce

any noise level surveys or any evidence, which would prove that the noise levels present in his work environment may cause hearing loss. The court thus concluded that the plaintiff failed to prove that the railroad had actual or constructive notice of the danger to the hearing of its workers due to noise. As the court concluded:

> The noise level which may produce hearing loss is not a matter of common knowledge, therefore Turner had the burden of proof to show that in the exercise of due care N&W should have known that the noise level in the North Kansas City Roundhouse could cause hearing loss to employees working there. *Evinger v. Thompson*, 364 Mo. 658, 265 S.W.2d 726, 731 (1954).

The court concluded that given the lack of evidence, plaintiff had failed to establish his burden of proof to show that in the exercise of due care, the railroad should have known the noise levels in the roundhouse could cause hearing loss to employees working there. *Id*.

Norfolk Southern conducted sound level testing after the incident and that testing established that the brief horn blast to which McCool was exposed did not violate any standards and that the sound level was within the permissible range of noise exposure. (Ex. B., Fann affidavit).

Here, McCool can present no expert testimony to show that any standard in the industry was breached by Norfolk Southern with this 2-3 second horn blast. Plaintiff has not produced a report from an expert on liability who will testify that any standard of care was breached by Norfolk Southern. His failure to present such evidence is fatal to his claim.

2. **Plaintiff Cannot Prove that Any Negligence of the Railroad was a Cause of his Alleged Injuries.**

While it is undisputed that the horn blast should not have occurred, McCool cannot prove that this unintended horn blast caused or contributed to his allege injuries. The recently decided *CSX Transp., Inc. v. McBride* (2011), 131 S. Ct. 2630, 180 L. Ed. 2d 637, clarifies the standard for causation in the FELA context. In *McBride*, the United States Supreme Court held that the FELA does not incorporate a proximate causation standard developed in common law tort actions by virtue of its

8

unique statutory definition of causation. Id. at 643 ("we conclude that the Act does not incorporate 'proximate cause' standards developed in nonstatutory common-law tort actions"). However, the Court did not hold that FELA eliminates the requirement that a plaintiff prove *any* proximate causation. On the contrary, *McBride*'s holding is that the Act requires proof of the type of proximate causation that is reflected in the FELA's language – "in whole or in part" – as interpreted in *Rogers v. Missouri Pacific Railroad* (1957), 352 U.S. 500. "While some courts have said that *Rogers* eliminated the *concept* of proximate cause in FELA cases," the Court explained in *McBride*, it is "more accurate . . . to recognize that *Rogers* describes the test for proximate causation applicable in FELA suits." Id. at 650 (internal quotation marks omitted; ellipsis added by Court).

"Under FELA," *McBride* held, "injury 'is proximately caused' by the railroad's negligence if that negligence 'played any part . . . in . . . causing the injury.'" Id. (quoting *Rogers*, 352 U.S. at 506; ellipses added by Court). *McBride* requires FELA plaintiffs to at least prove more than simple "but for" causation. Specifically the Court stated:

> Properly instructed on negligence and causation, and told, as is the standard
> practice in FELA cases, to use their 'common sense' in reviewing the evidence, juries
> would have no warrant to award damages in far out 'but for' scenarios. *Indeed, judges
> would have no warrant to submit such cases to the jury.*
> (Emphasis added.) Id. at 653. (Citation omitted.)

*McBride* cites with approval to *Nicholson v. Erie R. Co.* (2d Cir. 1958), 253 F.2d 939 as an example in which "but for" causation would be insufficient. Id. at 653. In *Nicholson*, a plaintiff who was injured on a train while looking for an adequate lavatory facility, could not prove that any negligence on the part of the railroad in not providing such facilities caused plaintiff to suffer injury. The plaintiff in *Nicholson* was an employee of the defendant railroad and worked as the only female at the Jersey Avenue Car Shops in the Jersey City yards. *Nicholson*, 253 F.2d at 940. Plaintiff had requested the railroad to provide a women's lavatory at the shop where she worked to no avail. Id. Plaintiff entered onto one of the railroad's passenger trains in order to use the toilet facilities on the train. Id. Plaintiff sought to recover damages for injuries suffered when she fell after a run-in with a

passenger's suitcase. Plaintiff argued a "but for" scenario - - that because of the railroad's failure to afford her adequate toilet facilities she was forced to use the lavatory on the railcar in which she was injured. Id. The trial court dismissed plaintiff's case at the close of trial for failure to make out a claim under the FELA. Id. On appeal, the Second Circuit noted that, "the causation requisite for recovery under the FELA is lacking." Id. The court applied the standard set forth in *Rogers*. However, the Second Circuit determined:

> Speaking literally it cannot be denied that in the case at bar failure to supply toilet facilities 'played a part' in producing plaintiff's injury. If defendant had supplied indoor toilet facilities plaintiff would not have been where the passenger's baggage struck her. It is not enough, however, that the injury would not have happened 'but for' the negligence. Id. at 941.

The Second Circuit went on to say that "the cause and effect here were too far removed from one another in space and time to satisfy the requirements of the FELA." Id. The Court's analysis squarely rejected the "but for" causation proffered by plaintiff. Similarly, the U.S. Supreme Court rejects such "but for" causation, as set forth in *McBride*, where it cited *Nicholson* with approval. See *McBride*, at 653. The holding of *McBride*, in short, is that proximate causation under FELA does not require as close a connection between the railroad's negligence and the employee's injury as does proximate causation under the common law. But *McBride* does not hold that *any* connection suffices. On the contrary, the decision holds that mere "but for" causation does *not* suffice—and that, in cases where the causal connection is as remote as it was in the *Nicholson* and *Moody* cases cited by the Court, a FELA plaintiff cannot establish the requisite causation. In such cases, *McBride* makes clear that the trial court is obligated to grant the railroad judgment as a matter of law.

    **C.    PLAINTIFF'S CLAIMS UNDER THE LIA AND APPLICABLE SAFETY REGULATIONS MUST FAIL BECAUSE THE LOCOMOTIVE WAS NOT DEFECTIVE AND WAS NOT "IN USE" AT THE TIME OF THE INCIDENT**

Plaintiff alleges that Norfolk Southern failed to comply with the LIA and other safety regulations that pertain to the safe operation of locomotives, thereby imposing strict liability on

10

Norfolk Southern. The LIA and the safety regulations cited by plaintiff are not applicable to the instant case and there has been no violation of the LIA by the Defendant. The plain language of the LIA contemplates an injury caused by a defective locomotive.

Section 20701 of the LIA provides:

> A railroad carrier may use or allow to be used a locomotive or tender on its railroad lines only when the locomotive or tender and its parts and appurtenances - -
>
> (1) are in proper condition and safe to operate without unnecessary danger of personal injury;
>
> (2) have been inspected as required under this chapter and regulations prescribed by the Secretary of Transportation under this chapter; and
>
> (3) can withstand every test prescribed by the Secretary under this chapter.

49 U.S.C. §20701.

To sustain a claim under the Act, plaintiff must establish that a locomotive was not in "proper condition" and was not "safe to operate." *Urie v. Thompson*, 337 U.S. 163. Evidence must be "adduced to establish some particular defect." *See, Didinger v. Pennsylvania R. Co.*(6th Cir. 1930), 39 F.2d 798, 799. Before a plaintiff may recover under the Act, he must prove by a preponderance of the evidence that the defendant violated its duty under the Act and that an injury resulted from such violation. See, *Lilly.*

Here, there is no evidence that the locomotive at issue was defective, nor is there any evidence of an alleged locomotive defect causing the injury at issue. In fact, the problem here is that the horn worked all too well, albeit at a time it was not supposed to be sounded. There is no evidence of a defect in the locomotive or that it was unsafe to operate. As such, the LIA is simply not applicable.

Further, the LIA, only applies to locomotives "in use" on a railroad's line. Section 23, Title 45, U.S. Code. Congressional intent and the case law construing the Act excludes those injuries resulting from the inspection, repair and servicing of railroad equipment located at a maintenance facility.

11

*McGrath v. CONRAIL*, 136 F.3d 838, 842 (1st Cir. 1998), citing *Angell v. Chesapeake and Ohio Ry. Co.*, 618 F.2d 260, 262 (4th Cir. 1980). Before a defendant may be found liable under the LIA, plaintiff must prove, by a preponderance of credible evidence, that the alleged injury directly resulted from work upon a locomotive or locomotives which were actually in "road service." See, *Brady v. Terminal Railroad Association*, 303 U.S. 10 (1938); *Angell v. Chesapeake and Ohio Railway Co.*, 618 F.2d 260 (4th Cir. 1980); *Simpkins v. Baltimore & Ohio R.R. Co.* (S.D. Ohio 1976), 449 F. Supp. 613, 615-616; *Tisneros v. Chicago & Northwestern Railway Co.* (C.A. 7. 1952), 197 F.2d 466, 467.

In this case, it is clear that the locomotive was in the diesel shop being serviced. The engine was in the washrack and one of plaintiff's job tasks was to obtain oil samples from the engine. It was clearly not "in use" at the time of the unintended horn blast. Because the engine was not defective and was not in use on the railroad's line at the time of the incident, the LIA and the cited safety regulations are inapplicable and Norfolk Southern is entitled to summary judgment in its favor as a matter of law.

### III.     CONCLUSION

For the reasons set forth above, Norfolk Southern respectfully moves this court for an order granting summary judgment in its favor on both the FELA and LIA causes of action contained in plaintiff's complaint as there are no genuine disputes as to material facts precluding judgment in defendant's favor as a matter of law.

Respectfully submitted,

s/ Sheila A. McKeon
**SHEILA A. MCKEON (0012067)**
smckeon@gallaghersharp.com
**ADAM P. SADOWSKI (0085246)**
asadowski@gallaghersharp.com
GALLAGHER SHARP
420 Madison Avenue, Suite 1250
Toledo, Ohio 43604
Tel: (419) 241-4860
Fax: (419) 241-4866
**Attorneys for Defendant Norfolk Southern Railway Company**

**CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing *Defendant Norfolk Southern Railway Company's Motion for Summary Judgment* was filed electronically this 8th day of March 2013. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

                                                  s/ Sheila A. McKeon
                                                  Sheila A. McKeon (0012067)
                                                  Adam P. Sadowski (0085246)
                                                  ***Attorneys for Defendant***
                                                  ***Norfolk Southern Railway Company***