**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| Thomas McCool, et al., | ) | Case No.3:11-cv-0678 |
| | ) | |
| Plaintiffs | ) | |
| | ) | Judge Hon. James Carr |
| | ) | |
| v. | ) | Plaintiff's Motion / Memorandum |
| | ) | in Opposition to Defendant |
| Norfolk Southern Railway Corporation | ) | Norfolk and Southern Railway |
| | ) | Company's Motion for Summary |
| Defendant. | ) | Judgment |
| | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT NORFOLK
AND SOUTHERN RAILWAY COMPANY'S MOTION FOR SUMMARY
JUDGMENT**

Now comes Plaintiff, Thomas McCool, by and through Attorney Donald Harris,

and hereby moves this honorable Court, pursuant to Rule 56 of the Federal Rules of Civil

Procedure, to deny Defendant Norfolk and Southern Railway Company's Motion for

Summary Judgment as genuine issue remain as to material facts that should be decided

by a jury.

A Memorandum in support of this Motion is attached hereto and incorporated by reference.

Respectfully submitted

/s/Donald R. Harris  DC Bar # 485340
Donald R Harris
Donald Harris Law Firm
158 E. Market St. Suite 302
Sandusky, OH 44870
tel: (419) 621-9388
email: donharris_dhc@sbcglobal.net

.

## MEMORANDUM IN SUPPORT

### I.      Procedural History / Statements of Fact

On April 15, 2009, plaintiff Thomas McCool initiated this litigation by filing a Complaint against Norfolk and Southern under the Federal Employer's Liability Act and Locomotive Inspection Act praying for at least $75,000 in damages. On March 8, 2013, Defendant Norfolk and Southern filed its Motion for Summary Judgment and Supporting Affidavit of Mike Fann. For the reasons more fully expressed below, this Motion should be denied as material issues of fact remain that should be heard by a jury.

### II.      Summary Judgment Standard

Summary judgment is appropriate where, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of, "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d

265 (1986) (quotations omitted). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. Id. at 323-25. Once the movant meets this burden, the opposing party can avoid judgment only by setting forth facts that show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(a) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; see also *Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "at the summary judgment stage the  judge's function is not himself to weigh the evidence and determine the truth of the matter," *Wiley v. United States*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted .

. . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters*, Inc., 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine, "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; see also *Atchley v. RK Co*., 224 F.3d 537, 539 (6th Cir. 2000).

Applying this standard here, the Defendant wholly fails to establish that there is exist no genuine issue of material fact. To the contrary, they rest on speculation of what they believe Plaintiff's witnesses will testify to and argue facts via the attachment of an affidavit by their expert witness. It is clear that genuine issues of material facts exist and that these should be decided by allowing Mr. McCool to have his "day in Court."

## III. FELA

Defendant Norfolk and Southern contents in their Motion for Summary Judgment that Plaintiff cannot establish a breach of duty or causation. Specifically, Defendant wrongly asserts that Plaintiff did not provide evidence of a breach of duty or causation. Much to the contrary, the Complaint is replete with assertions that a breach by Norfolk and Southern caused the damages to Plaintiff.

Specifically, paragraph 8 of the Complaint reads, "The injury was caused by the application of a locomotive horn that was secured in a manner that were negligent and reckless. Further, paragraph 16 reads, "Defendant caused Plaintiff to be exposed to an

unexpected and exceptionally loud locomotive or other loud horn blast while he was working at or near Defendant's facility and as a result of said carelessness and negligence, Plaintiff caused injuries as set forth more particularly hereinafter." Paragraph 19 of the Complaint further states, 19 "(t)hat by reason thereof Plaintiff and as a direct and proximate cause of Defendants' negligence Plaintiff has incurred and will incur medical expenses, loss of income and other damages that are not ascertainable now and will be later supplemented." Finally, paragraph 20 of the Complaint reads, "(t)hat Mrs. McCool has a loss of consortium proximately caused by the Defendants' negligence." As clearly evidenced by the Complaint, both the basic elements of a breach and causation are clearly alleged. Any finding to the contrary is in total opposition to the clear black and white of the Complaint.

In addition to the clear allegation of causation and damages as stated in the Complaint, Plaintiff has filed a Motion with this Court to allow the calling of its expert witnesses as trial. Regardless of the findings of this Court on that Motion, a *prima facie* case and allegations of causation and damages have clearly been made. Anything evidence further than that is a material fact that should be heard at trial.

## IV.   LIA

Defendant Norfolk and Southern's sole argument for Summary Judgment under LIA states, "there is no evidence of a defect in the locomotive or that it was unsafe to operate." Again, this is clearly a highly technical issue of material fact not ripe for summary judgment. The attachment of one expert's opinion is hardly enough to negate the issue of a defect and usage of the train. Further, as stated above, the standard for Summary Judgment assumes all facts in the light most favorable to the non-moving party.

Applying this standard, it is clear that Defendant is relying wholly upon their expert's opinion to argue that there are no issues of material fact. This logic is in total opposition to the standard and reason for Summary Judgment. Summary Judgment states there are no material issues in controversy. To even attach an affidavit clearly demonstrates that there are factual issues worthy of a full hearing. Summary Judgment is an extraordinary measures that negates a Plaintiff's right to even be heard. As such it should be reserved for appropriate cases. This case is clearly not appropriate for Summary Judgment and we respectfully request that this Court denies said Motion by Defendant Norfolk and Southern.

Respectfully submitted

/s/Donald R. Harris  DC Bar # 485340
Donald R Harris
Donald Harris Law Firm
158 E. Market St. Suite 302
Sandusky, OH 44870
tel: (419) 621-9388
email: donharris_dhc@sbcglobal.net

**CERTIFICATE OF SERVICE**
I hereby certify that a true and exact copy of the forgoing was served upon Sheila A. McKeon, attorney for defendants at Gallagher Sharp, 420 Madison Ave Suite 1250, Toledo, OH 43604, this 1st day of April 2013, via electronic mail smckeon@gallaghersharp.com.

/s/Donald R. Harris  DC Bar # 485340

Z:\Litigation\Cases\McCool, Tom v NFS\Motions\McCoolMemInOppSJ.docx